In re Bruce D. **PATRICK** and Karen Marie Patrick, Debtors.

Bruce D. Patrick, Plaintiff,

v.

**Check Brokerage Corporation, Defendant.**

Bankruptcy No. 02–60051.

Adversary No. 03–6013.

United States Bankruptcy Court, S.D. Illinois.

Oct. 7, 2003.

Roy Jackson Dent, Charleston, IL, for Debtors/Plaintiff.

Kristin L. Wilson, Charleston, IL, for Defendant.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court for trial on a Complaint to Enforce Discharge Injunction; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Plaintiff has brought this Complaint against the Defendant under 11 U.S.C. § 524(a)(2), which states:

(a) A discharge in a case under this title— . . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived,

Section 524(a)(2) operates to protect a debtor from collection efforts after the debtor has been discharged. A violation of the injunction provided for by § 524, may constitute grounds for contempt. *In re Worthing*, 24 B.R. 774 (Bankr.D.Conn. 1982); *In re Torres*, 117 B.R. 379 (Bankr. N.D.Ill.1990).

In order to support a finding of contempt under 11 U.S.C. § 524(a)(2), there must be a showing that the order of discharge alleged to have been violated is specific and definite and that the offending party has knowledge of the Court's order. *Worthing, supra*, at 777.

In the case at bar, there is no question that the Defendant received notice of the Plaintiff's filing for bankruptcy relief under Chapter 7. Additionally, there is no dispute that the Defendant received notice that the Debtor had been discharged. However, the Defendant seeks to avoid a finding of contempt based upon confusion between the name used by the Debtor/Plaintiff on his bankruptcy petition and the name on the account which the Defendant sought to collect.

The Defendant, Check Brokerage Corporation, is in the business of collecting bad checks, and, late in 2001 and early 2002, the Defendant received four checks written on the account of "Bruce D. Patrick, Jr.," listing an address in Charleston, Illinois. While the name of the account holder was listed as "Bruce D. Patrick, Jr.," the checks in question were signed only "Bruce D. Patrick." The Defendant does not dispute that, in May 2002, a collection letter was sent to the Debtor/Plaintiff. The Defendant further does not dispute that it received a letter from Debtor/Plaintiff's attorney dated May 13, 2002, indicating that collection efforts should be ceased. The Defendant made no attempt to contact Debtor/Plaintiff's attorney following the May 13, 2002, letter, and sent an additional collection letter to the Debtor/Plaintiff in February 2003.

Following the collection letter sent to the Debtor/Plaintiff in February 2003, Debtor/Plaintiff's attorney sent another letter to the Defendant, Check Brokerage Corporation, dated February 10, 2003, again reminding the Defendant that all collection efforts should be ceased based upon the Debtors' discharge in bankruptcy. The Defendant made no attempt to contact Debtor/Plaintiff's attorney following the February 10, 2003, letter, and, on March 4, 2003, the Debtor/Plaintiff received two more debt collection letters from the Defendant. The instant adversary proceeding was filed March 27, 2003, wherein the Debtor/Plaintiff seeks to have the Defendant found in contempt of Court for violation of the discharge injunction under 11 U.S.C. § 524(a)(2).

The undisputed facts in this matter adduced at trial cause the Court to note that this is a close case. There is no doubt that the Defendant was on notice of the Debtor/Plaintiff's Chapter 7 bankruptcy filing and that the Defendant was on notice of the discharge in bankruptcy issued on April 23, 2002. The Defendant seeks to avoid a finding of contempt based upon the fact that the name of the account holder on the checks which the Defendant sought to collect was "Bruce D. Patrick, Jr.," at an

address in Charleston, Illinois, which differed slightly from the name listed on the Debtor/Plaintiff's bankruptcy petition filed in January 2002. The Defendant also points out that the address listed on the Debtor/Plaintiff's bankruptcy petition was different than that on the check which the Defendant sought to collect. The Court would have sided with the Defendant had the only communication been the notice of the bankruptcy filing and the notice of the entry of a discharge. However, it is undisputed that there was clearly more communication than that. In fact, the Defendant received two letters from the Debtor/Plaintiff's attorney requesting that the Defendant cease any further attempts at collection. Based upon the volume of communication that the Defendant received, the Court finds that the Defendant had a duty to conduct at least minimal investigation to determine if the account holder on the checks that Defendant sought to collect was, in fact, the same individual in this Chapter 7 bankruptcy proceeding.

■ Examination of the undisputed facts in this matter leads the Court to conclude that, while the Defendant's conduct was not egregious, the conduct clearly was a violation of the discharge injunction under 11 U.S.C. § 524(a)(2). The Defendant received ample communication that should have alerted it to cease collection efforts against the Plaintiff. This being the case, the Court finds that sanctions are appropriate in the amount of $300, with the sum of $150 payable as and for attorney's fees to Debtor/Plaintiff's attorney, Roy Jackson Dent, and the sum of $150 payable directly to the Debtor/Plaintiff.

*JUDGMENT ORDER*

For the reasons set forth in an Opinion entered on the 7th day of October 2003;

IT IS HEREBY ORDERED that:

A. Defendant, Check Brokerage Corporation, is found to be in contempt of Court for violation of the discharge injunction pursuant to 11 U.S.C. § 524(a)(2);

B. Defendant is sanctioned in the amount of $300;

C. The sum of $150 is to be paid directly to Debtor/Plaintiff's attorney, Roy Jackson Dent;

D. The sum of $150 is to be paid directly to Debtor/Plaintiff, Bruce D. Patrick; and,

E. Said sums are to be paid within 15 days of the date of this Judgment Order.